**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112704

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Howard P. Nathanson,<br><br>   Plaintiff,<br><br>   vs.<br><br>Frontline Asset Strategies, LLC and<br>LVNV Funding, LLC,<br><br>   Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Howard P. Nathanson (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Frontline Asset Strategies, LLC and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

  1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

  2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

  3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

  4. At all relevant times, Defendants conducted business within the State of New York.

1

## PARTIES

5. Plaintiff an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Frontline Asset Strategies, LLC, is a Minnesota Limited Liability Company with a principal place of business in Ramsey County, Minnesota.

8. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated November 4, 2016. (**"Exhibit 1."**)

16. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

1. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

2. The Debt was incurred on a credit card, underwritten by Credit One Bank, N.A.

3. The Letter sets forth a "Total Amount Due" of $1,165.75.

4. Pursuant to the terms and conditions of the credit card, Credit One Bank, N.A. charged Plaintiff interest on any balance carried on the account.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5. Pursuant to the terms and conditions of the credit card, Credit One Bank, N.A. charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

6. Pursuant to the terms and conditions of the credit card, Credit One Bank, N.A. charged Plaintiff other fees on the account.

7. The right to collect from Plaintiff interest on any balance carried on the account was not waived by Credit One Bank, N.A.

8. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Credit One Bank, N.A.

9. The right to collect from Plaintiff other fees on the account was not waived by Credit One Bank, N.A.

10. The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

11. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

12. The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

13. Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

14. Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

15. Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

16. Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

17. Pursuant to the terms and conditions of the credit card, Credit One Bank, N.A. and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

18. Pursuant to the terms and conditions of the credit card, Credit One Bank, N.A. and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

19. Pursuant to the terms and conditions of the credit card, Credit One Bank, N.A.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

20. Pursuant to the terms and conditions of the credit card, the legal right of Credit One Bank, N.A. and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by Credit One Bank, N.A. or any assignee or successor-in-interest as a result of a failure by either Credit One Bank, N.A. or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

21. Pursuant to the terms and conditions of the credit card, the legal right of Credit One Bank, N.A. and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Credit One Bank, N.A. or any assignee or successor-in-interest as a result of a failure by either Credit One Bank, N.A. or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

22. Pursuant to the terms and conditions of the credit card, the legal right of Credit One Bank, N.A. and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Credit One Bank, N.A. or any assignee or successor-in-interest as a result of a failure by either Credit One Bank, N.A. or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

23. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

24. The Letter failed to disclose that the balance stated may increase due to interest.

25. The Letter failed to disclose that the balance stated may increase due to late fees.

26. The Letter failed to disclose that the balance stated may increase due to other fees.

27. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

29. Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

30. Plaintiff's debt was incurred pursuant to a contract between Plaintiff and Credit One Bank, N.A.

31. N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

32. An award of interest under § 5001 is mandatory.

33. N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

34. Credit One Bank, N.A. and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, November 4, 2016.

35. As such, the amount stated in the Letter was subject to the accrual of interest.

36. The Letter failed to disclose that the amount stated may increase due to interest.

37. The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. As previously set forth, the Letter sets forth a "Total Amount Due" of $1,165.75.

40. The Letter further states, "As of the date of this letter, you owe $1,165.75."

41. As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

42. As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

43. As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

44. The Letter fails to disclose whether the amount stated may increase due to additional interest.

45. The Letter fails to disclose whether the amount stated may increase due to additional late fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

46. The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

47. The Letter includes a settlement offer.

48. The Letter fails to indicate whether the amount stated may increase due to additional interest if the settlement is not accepted.

49. The Letter fails to indicate whether the amount stated may increase due to additional late fees if the settlement is not accepted.

50. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

51. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the phrase "as of the date of this letter," can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

52. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the phrase "as of the date of this letter," can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

53. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

54. The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

55. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

56. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

57. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

58. The Letter could reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would continue to accrue on the debt if the settlement offer was not accepted.

59. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not re-commence on the debt if the settlement offer was not accepted.

60. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer's ability to respond to the settlement offer is negatively affected.

61. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer would be unable to determine the actual value of Defendants' settlement offer.

62. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

63. For these reasons, Defendants violated 15 U.S.C. § 1692e.

## JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: November 6, 2017

                              **BARSHAY SANDERS, PLLC**

                              By:   */s/ Craig B. Sanders*
                              Craig B. Sanders, Esq.
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 706-5055
                              csanders@barshaysanders.com
                              *Attorneys for Plaintiff*
                              Our File No.: 112704